IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:16-CV-00243-RLV

| STEWART WAYNE OWENBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Stewart Wayne Owenby's Motion to Accept Pleadings. (Doc. 13). In his Motion to Accept Pleadings, Plaintiff asks this Court to accept his Motion for Summary Judgment (Doc. 14) and supporting Memorandum (Doc. 15) even though both documents were untimely filed. (Doc. 13; *see also* Doc. 12). The Court has reviewed the relevant documents, including the format of Plaintiff's Memorandum in support of his Motion for Summary Judgment.

Although Plaintiff's Memorandum cites to this Court's December 16, 2013 Social Security Briefing Order, (Case No. 3:13-mc-198-FDW; Doc. 1), the Memorandum clearly does not comply with this Court's Social Security Briefing Order. Specifically, Plaintiff's opening "Summary of the Case" section spans nine pages, (Doc. 15 at 1-9), whereas this Court's Social Security Briefing Order limits the "Summary of Case" section to "no more than two pages," Social Security Briefing Order, (Case No. 3:13-mc-198-FDW; Doc. 1 at 1). Of the ten items this Court's Social Security Briefing Order requires a plaintiff to "*succinctly*" identify in the first two pages of his or her

1

memorandum, *see id.* at 1-2,[1] Plaintiff discusses only two of the items within in the first two full pages of his Memorandum, (*see* Doc. 15 at 1-3 (identifying alleged onset date and identifying some of the medical conditions causing his disability)). Furthermore, Plaintiff's "Summary of the Case" section does not touch upon four of the ten items required by this Court's Social Security Briefing Order. *See id.* at 1-9 (not identifying date of Plaintiff's application for benefits, the type of benefits Plaintiff sought, the date of last insurance, or the relief requested); *see also* Social Security Briefing Order, (Case No. 3:13-mc-198-FDW; Doc. 1 at 2). Finally, Plaintiff's "Summary of the Case" section provides only partial information on a fifth required item. (*See* Doc. 15 at 4 (identifying Plaintiff's age but not identifying Plaintiff's level of education or work history); *see also* Social Security Briefing Order, (Case No. 3:13-mc-198-FDW; Doc. 1 at 2). Accordingly, based on the aforementioned deficiencies in Plaintiff's supporting Memorandum (Doc. 15) and because the Plaintiff's Motion for Summary Judgment and supporting Memorandum were untimely filed, Plaintiff's Motion to Accept Pleadings (Doc. 13) is **DENIED**. *See* Local Civil Rule 5.2.1(A) (noting that Court will accept filings that comply with Local Rules); *see also Taylor v. Colvin*, 2015 WL 12672686, at *1 (E.D. Cal. May 7, 2015) (collecting cases and noting that district court may impose sanctions, including dismissal of action, for party's failure to comply with court order or local rules); *Farwell v. Story*, 2010 WL 4963008, at *10 (D. Md. Dec. 1, 2010) (holding that motion that does not comply with local rules must be denied and quoting *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010), for proposition that local rules "'have the force of law'").

---

[1] Although identifying ten items within two pages may sound onerous, the items are typically stated in bullet format rather than narrative form. This is because the "Summary of Case" section is intended to give this Court a dispassionate overview of the essential aspects of the case, including the plaintiff's assignments of errors, rather than provide the plaintiff an opportunity to advocate for his or her position.

**IT IS FURTHER ORDERED THAT** the Commissioner shall have up to and including July 5, 2017 to file a supplemental brief addressing the impact of this Court's denial of Plaintiff's Motion to Accept Pleadings on how, or whether, this action may proceed. In lieu of a supplemental brief, the Commissioner may file an appropriate motion. Plaintiff shall have up to and including July 19, 2017 to file a response. The Commissioner shall have up to and including July 26, 2017 to file a reply.

**SO ORDERED.**

Signed: June 20, 2017

Richard L. Voorhees
United States District Judge